# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| RUSSELL CARR, | ) | |
| PLAINTIFF | ) ) | |
| v. | ) ) | 7:21-cv-00712-LSC |
| ARAMARK FOOD AND SUPPORT SERVICES INC. AND ARAMARK EMPLOYEE "A" | ) ) ) ) ) | |
| DEFENDANTS. | | |

**MEMORANDUM OF OPINION AND ORDER**

Before the Court are Plaintiff's Motion to Remand and Plaintiff's request to conduct discovery regarding the fictitiously named defendant. (Doc. 4; Doc. 7 at 2.) The motions have been fully briefed and are ripe for review. For the reasons stated below, Plaintiff's Motion to Remand (Doc. 4) and request to conduct discovery (Doc. 7 at 2) are DENIED.

## I.   BACKGROUND

Plaintiff Russell Carr ("Mr. Carr" or "Plaintiff") brings this action against Defendant Aramark Food and Support Services Group Inc. ("Aramark") and fictitious Defendant Aramark Employee "A" ("Employee 'A'") (collectively "Defendants"). On May 21, 2021, Mr. Carr filed this action in the Circuit Court of

Tuscaloosa County asserting a state law claim of negligence against Aramark and Employee "A" to recover damages relating to the Plaintiff's alleged injuries. On or about August 20, 2020, Mr. Carr was working as maintenance staff for the University of Alabama at Mary Burke Hall on the University of Alabama campus. When Mr. Carr was rounding a corner, fictitious Defendant Employee "A" allegedly sprayed a pressurized chemical onto Mr. Carr's face. As a result of the accident, Mr. Carr suffered injuries for which he demands damages from Employee "A" and Aramark.

    On May 21, 2021, Aramark and Employee "A" filed a notice of removal based on diversity jurisdiction, alleging that "Aramark Educational Services, LLC," was incorrectly designated in the complaint as, "Aramark Food and Support Services Group, Inc.," and is a Delaware corporation with its principal place of business in Pennsylvania. Furthermore, Aramark contends that Employee "A," was at the commencement of this action, a fictitious party, and that in determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C § § 1332 and 1441. (Doc. 1.) On June 1, 2021, Plaintiff filed a Motion to Remand, asserting that complete diversity of the parties was lacking because Plaintiff had described the

fictitious defendant, Aramark Employee "A" with such specificity that his Alabama citizenship could not reasonably be questioned. (Doc. 4 at 2.)

## II. STANDARD OF REVIEW

Federal courts are courts of "limited jurisdiction" and can only hear cases authorized by the United States Constitution or by federal statute. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction is conferred by 28 U.S.C. §1332 and requires an amount in controversy over $75,000 and complete diversity of all parties. 28 U.S.C. § 1332(a)(1). Because there is no dispute that the amount in controversy is over $75,000, the sole issue in this case is whether there is complete diversity of the parties.

## III. DISCUSSION

This Court's diversity jurisdiction is established at the time the notice of removal is filed. *Howell v. Cir. City*, 330 F. Supp. 2d 1314, 1317 (M.D. Ala. 2004) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). 28 U.S.C. §1441 governs the removal of civil actions and provides that the citizenship of fictitious parties is to be disregarded for the purpose of determining diversity

jurisdiction. 28 U.S.C. § 1441(b)(1); *Howell*, 330 F. Supp. 2d at 1317. "Even if 'the fictitious defendants [are] likely' not diverse, their citizenship must 'be disregarded for purposes of diversity jurisdiction.'" *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (quoting *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011)). For removal purposes, the law does not care whether the named defendants knew the citizenship and true names of the fictitiously named defendants. *Smith*, 786 F. App'x at 939.

Here, the plain language of the removal statute instructs this Court to disregard the citizenship of Employee "A" for diversity jurisdiction purposes. As Mr. Carr is a citizen of Alabama and Aramark is a citizen of Delaware or Pennsylvania, diversity jurisdiction exists. Mr. Carr argues that "Aramark knows the identity and address of its employee," and alleges that Employee "A" lives in Alabama. (Doc. 4 at 3.) This may be true. However, this Court need not consider whether Aramark knows this information or if it is true. *Smith*, 786 F. App'x at 939. Even if it is likely that Employee "A" is not diverse from Mr. Carr, the citizenship of Employee "A" must still be disregarded for purposes of diversity jurisdiction. *Id.*

Plaintiff cites several cases in which "courts have found that where a plaintiff's complaint provides a description of a fictitious defendant in such a way that his or her identity cannot reasonably be questioned, the court should consider

the citizenship of the fictitious defendant." *Marshall v. CSX Transp. Co.*, 916 F. Supp. 1150 (M.D. Ala. 1995) (citing *Lacy v. ABC Ins. Co.*, No. CIV.A. 95-3122, 1995 WL 688786 at *3 (E.D.La. Nov. 17, 1995)); *Brown v. TranSouth Fin. Corp.*, 897 F.Supp. 1398, 1401-02 (M.D.Ala.1995); *Tompkins v. Lowe's Home Ctr., Inc.*, 847 F.Supp. 462, 464 (E.D.La.1994) (citing *Green v. Mutual of Omaha*, 550 F.Supp. 815, 818 (N.D.Cal.1982)).

However, the Eleventh Circuit so far has declined to adopt any rule which allows plaintiffs to describe a fictitious defendant with such specificity as to allow courts to consider their citizenship in a removal context. *Smith*, 786 F. App'x at 940. The Eleventh Circuit further noted that "such a holding would seem inconsistent with the removal statute's text." *Id.* However, even if this exception did apply, Mr. Carr has not described Employee "A" with sufficient precision to fit within the exception. Here, Mr. Carr only knows the fictitious defendant's alleged employer, Aramark, and the date of the incident. Mr. Carr fails to state the fictitious defendant's job title. Mr. Carr fails to state the time of the accident. Mr. Carr fails to describe the fictious defendant in any detail whatsoever. As a result, Mr. Carr has failed to describe the defendant with such a way that his or her identity cannot reasonably be questioned. Accordingly, because Mr. Carr and Aramark are diverse

and the amount in controversy is met, this Court has diversity jurisdiction over the case.

In the alternative, Plaintiff asks this Court for leave to conduct discovery as to the identity of the Aramark employee. (Doc. 7 at 2.) However, "when assessing removal, the citizenship of fictitiously named defendants must be 'disregarded,' not discovered." *Smith*, 786 F. App'x at 939. Accordingly, Plaintiff's request is DENIED. This Court recognizes that Plaintiff will likely discover the citizenship of Employee "A" and will no doubt then request to add them as a party. If this Court grants that request and diversity is thereby destroyed, this case will be remanded to the Circuit Court of Tuscaloosa County.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (Doc. 4) and request to conduct discovery (Doc. 7 at 2) are DENIED.

**DONE** and **ORDERED** on October 19, 2021.

_____
L. Scott Coogler
United States District Judge

206770