# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| RUSSELL CARR, ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | |
| ) | 7:21-cv-00712-LSC |
| ARAMARK FOOD AND ) | |
| SUPPORT SERVICES INC. ) | |
| AND ARAMARK ) | |
| EMPLOYEE "A" ) | |
| ) | |
| DEFENDANTS. | |

## MEMORANDUM OF OPINION

Before the Court is Plaintiff's Request for Leave to Amend the Complaint to Add Parties and Motion to Remand. (Doc. 11.) The motion has been fully briefed and is ripe for review. For the reasons stated below, Plaintiff's Request for Leave to Amend the Complaint to Add Parties and Motion to Remand is due to be GRANTED and this case is due to be REMANDED to the Circuit Court of Tuscaloosa County, Alabama.

## I. BACKGROUND

Plaintiff Russell Carr ("Mr. Carr" or "Plaintiff"), a citizen of Alabama, brought this action against Defendant Aramark Food and Support Services Group Inc. ("Aramark") and fictitious Defendant Aramark Employee "A" ("Employee

'A'") (collectively "Defendants"). On May 21, 2021, Mr. Carr filed this action in the Circuit Court of Tuscaloosa County asserting a state law claim of negligence against Aramark and Employee "A" to recover damages relating to the Plaintiff's alleged injuries. On or about August 20, 2020, Mr. Carr was working as maintenance staff for the University of Alabama at Mary Burke Hall on the University of Alabama campus. When Mr. Carr was rounding a corner, Plaintiff alleges that fictitious Defendant Employee "A" sprayed a pressurized chemical onto Mr. Carr's face. As a result of the accident, Mr. Carr suffered injuries for which he demands damages from Employee "A" and Aramark.

On May 21, 2021, Aramark and Employee "A" filed a notice of removal based on diversity jurisdiction, alleging that "Aramark Educational Services, LLC," was incorrectly designated in the complaint as, "Aramark Food and Support Services Group, Inc.," and is a Delaware corporation with its principal place of business in Pennsylvania. Furthermore, Aramark contended that Employee "A," was at the commencement of this action, a fictitious party, and that in determining whether a civil action is removable based on diversity jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C § § 1332 and 1441. (Doc. 1.) On June 1, 2021, Plaintiff filed a Motion to Remand (Doc. 3), asserting that complete diversity of the parties was lacking because Plaintiff had described the

fictitious defendant, Aramark Employee "A" with such specificity that his Alabama citizenship could not reasonably be questioned. (Doc. 4 at 2.) On October 19, 2021, this Court entered a Memorandum of Opinion and Order (Doc. 8) denying Plaintiff's first Motion to Remand (Doc. 3) because there was complete diversity as the citizenship of a fictitious defendant is not considered when determining whether complete diversity exists.

Aramark provided initial disclosures on December 27, 2021, and included the names of Aramark employees, Bruce McVeagh and Kuorum O'Neal as having knowledge of the incident. Aramark served Plaintiff with their Responses to Plaintiff's Interrogatories and Request for Production of Documents on January 14, 2022. (Doc. 13 at 2.) Aramark also provided an employee timesheet which listed Ashley Coleman, Debra Moore, Demetrius Stockdale, and Tyneshia Taylor as other Aramark employees working in Burke Dining Hall at the time of the incident. (*Id.*) On January 18, 2022, Plaintiff filed a Request for Leave to Amend the Complaint to Add Parties and Motion to Remand seeking to replace the fictitious Aramark Employee "A" with the six Aramark employees who worked on the date at issue and to remand the case to the Circuit Court of Tuscaloosa County, Alabama as the addition of these parties would destroy diversity. (Doc. 11.)

## II. STANDARD OF REVIEW

Federal courts are courts of "limited jurisdiction" and can only hear cases authorized by the United States Constitution or by federal statute. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction is conferred by 28 U.S.C. §1332 and requires an amount in controversy over $75,000 and complete diversity of all parties. 28 U.S.C. § 1332(a)(1).

## III. DISCUSSION

Courts should freely give leave to allow plaintiffs to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). If after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the case to state court. 28 U.S.C. § 1447(e). Several unpublished Eleventh Circuit decisions, relying on published opinions from other Circuits, set forth a framework for making such decisions. *See Hickerson v. Enterprise Leasing Co.*, 818 Fed. Appx. 880 (11th Cir. 2020); *Reyes v. BJ's Restaurants, Inc.*, 774 Fed. Appx. 514 (11th Cir. 2019); *Dever v. Family Dollar Stores, LLC*, 755 Fed. Appx. 866 (11th Cir. 2018). Accordingly, when

evaluating whether to allow joinder and remand, this Court must consider four factors: the extent to which the purpose of the joinder is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for joinder, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. *Dever*, 755 Fed. App'x at 869. For the following reasons, the Court finds that these factors weigh in favor of allowing joinder of the six Aramark employees.

First, Plaintiff's purpose in seeking joinder is not to defeat federal jurisdiction. Like *Dever*, this is not a case in which Plaintiff only sought to add an individual employee as a party after removal. Plaintiff included Aramark Employee "A" in its original Complaint filed in the Circuit Court of Tuscaloosa County, Alabama with the apparent intent of amending the Complaint once he discovered the identity of this employee through discovery. Plaintiff now seeks to do that. Accordingly, this factor weighs in favor of allowing joinder.

Second, this Court finds that Plaintiff has not been dilatory in seeking to amend his complaint to add the Aramark employees. Aramark did not provide initial disclosures to Plaintiff until December 27, 2021. Aramark did not provide responses to Plaintiff's interrogatories and request for document production until January 14, 2022. Plaintiff thereafter filed his Request for Leave to Amend the Complaint on

January 18, 2022. Thus, Plaintiff sought to amend his complaint promptly after learning the identities of the employees who were present during the incident. Accordingly, this factor weighs in favor of allowing joinder.

Third, this Court finds that Plaintiff would be prejudiced if joinder were not allowed. Should the employees not be joined, Plaintiff would be forced to file a separate lawsuit against the employees, needlessly complicating the matter and presenting the potential issue of having to litigate not one, but two trials. Accordingly, this factor weighs in favor of allowing joinder.

Finally, this Court finds that the equities weigh in favor of allowing joinder of the Aramark employees. Aramark should have known that Plaintiff intended to join the employee who sprayed him with chemicals as the original Complaint contained reference to a fictitious Aramark employee. Furthermore, from the beginning of this lawsuit Aramark presumably had access to the timesheet showing that every employee who worked on the day Plaintiff was sprayed was a resident of Tuscaloosa County, Alabama. Yet Aramark removed this case even though it was likely that Plaintiff would seek to join at least one of those employees upon learning his or her identity and that such joinder would destroy subject matter jurisdiction. As such, justice requires that the Court allow Plaintiff to amend its complaint to add the

Aramark employees as defendants. Accordingly, this factor weighs in favor of allowing joinder.

Because all the Aramark employees to be joined are residents of the state of Alabama and Plaintiff is a resident of Alabama, diversity of the parties is destroyed, and this Court no longer has subject matter jurisdiction over this case. 28 U.S.C. § 1332(a)(1). Accordingly, this case is due to be remanded to the Circuit Court of Tuscaloosa County, Alabama.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Request for Leave to Amend the Complaint to Add Parties and Motion to Remand (Doc. 11.) is due to be GRANTED and this case is due to REMANDED to the Circuit Court of Tuscaloosa County, Alabama.

**DONE** and **ORDERED** on May 2, 2022.

_____
L. Scott Coogler
United States District Judge

206770